**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (508) 368-0100*
*Facsimile: (508) 756-7120*

*Federal Building & Courthouse*
*595 Main Street, Suite 206*
*Worcester, Massachusetts 01608*

February 5, 2026

By email via the U.S. Attorney's Office for the Eastern District of New York

Hon. Judge Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York

Re: United States v. Romoy Forbes **EDNY Docket No. 26-MJ-29 (ST)**

Dear Judge Tiscione:

The government respectfully submits this letter in support of an order of detention. Defendant, Romoy Forbes ("Defendant") was charged with violating 18 U.S.C. §§ 371 and 2314 (interstate transportation of stolen goods, and conspiracy to commit that offense) in the United States District Court for the District of Massachusetts, and an arrest warrant issued. Defendant was then arrested on February 5, 2026, in the Eastern District of New York. The government requests that this Court detain Defendant pending his appearance in federal court in Massachusetts, as there are reasons to believe that Defendant is a flight risk, in that he will not appear in the District of Massachusetts for further proceedings, per 18 U.S.C. § 3142(f)(2)(A).[1]

## I. Defendant's Conduct

The complaint against Defendant alleges that Defendant conspired to infiltrate email accounts of legitimate truck-load carriers, use the hacked accounts to book cargo with shippers, and sell the items for illicit profit. The goods allegedly stolen include hundreds of thousands of dollars in snow crab, pallets of blueberries and designer cologne.

In particular, on July 15, 2025, Forbes stole 33,750 pounds of frozen snow crabs worth $325,000 from a warehouse that held the goods in Worcester, Massachusetts. Leading up to the theft, a co-conspirator hacked into the email account of a trucking carrier company (Carrier 1). The co-conspirator, pretending to work for Carrier 1, and using the email account of Carrier 1,

[1] The U.S. Attorney's Office for the District of Massachusetts has considered filing a motion to detain on the docket in the District of Massachusetts, but the issue of detention is not before that Court. After speaking with staff at the U.S. Attorney's Office for the Eastern District of New York, the undersigned understands that this letter is a manner that is acceptable to convey the enclosed information to the Court.

contacted and contracted with Shipper 1, a transportation business, to ship the goods to a customer in Jacksonville, Florida. Forbes then arrived at the warehouse in Worcester pretending to work for Carrier 1, loaded the seafood into his truck and drove off.





Instead of delivering the seafood to the customer in Florida, Forbes transported it to a location in Queens, New York, which is also the location of a grocery store company, where Forbes took a picture of the pallets of packaged crabs with his cellphone.



Below, from publicly available sources, is a representative picture of what the brand of frozen packaged seafood would have looked like up close.




Before the seafood heist, Forbes, on June 25, 2025, stole a shipment of blueberries in Winslow

Junction, New Jersey. A co-conspirator hacked into the email account of Carrier 2, a trucking carrier company, and, pretending to be Carrier 2, contacted and contracted with Shipper 2, a transportation business, to ship the goods to a customer in Illinois. Forbes then arrived at the warehouse that was holding the goods, and, pretending to work for Carrier 2, loaded the fruit into his truck and drove away.



Instead of delivering the blueberries to the customer in Illinois, Forbes arranged to illicitly sell the fruit to his phone contact named, "My customer for everything."




After the seafood and blueberry thefts, on July 25, 2025, Forbes conspired to steal approximately $433,830 worth of cologne in Ronkonkama, N.Y. Again, a co-conspirator hacked into the email account of Carrier 3, a trucking carrier company, and, pretending to be Carrier 3, contracted with Shipper 3, a transportation business, to ship the goods to a customer in Los Angeles, California. Forbes then arrived to the warehouse that was holding the goods, and, pretending to work for Carrier 3, loaded the items into his truck and drove away.

Instead of delivering the fragrances to the customer in California, Forbes contacted his "customer for everything" offering to sell the cologne and sent the contact a video of the cologne, to which the contact replied, "Ok."



## II. Defendant is a Risk for Not Appearing in the District of Massachusetts

Defendant is a flight risk, by a preponderance of the evidence, per 18 U.S.C. § 3142(f)(2)(A). *See e.g.*, *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991); *United States v. Debrum*, No.15-10292-NMG, 2015 WL 6134359 at *4 (D. Mass. Oct. 19, 2015).

Section 3142(g) provides factors that a Court considers in making the determination as to whether a defendant should be held pending trial, including, in relevant part:

(1) the nature and circumstances of the offense charged…

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

A. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings….

The nature and circumstances of the offense charged are serious. *See* § 3142(g)(1). Defendant was part of a sophisticated, organized, multi-state conspiracy to steal high value cargo goods. The complaint alleges that defendant made off with more than $300,000 worth of frozen snow crabs, blueberries, and more $400,000 in high cologne. Demonstrating the sophisticated, organized nature of the conspiracy, was that co-conspirators infiltrated email accounts of legitimate truck-load carriers and used the hacked accounts to book cargo with shippers, and sell the items for illicit profit.

While Forbes has a minimal criminal record, if he is convicted he will be at least offense level 22, before acceptance of responsibility, which results in a substantial guideline sentencing range of 41 to 51 months in prison, all of which could provide reason for Defendant to consider flight.[2] Defendant is also not a U.S. citizen (he is a legal permanent resident, and is believed to be a citizen of Jamaica), and therefore would potentially have ties outside of the United States.

[2] Base offense level 6 (U.S.S.G. § 2B1.1(a)(2)), +14 for loss more than (§ 2B1.1(b)(1)(H)), and +2 points for dealing in stolen cargo (§ 2B1.1(b)(15)). Enhancements may apply as well.

The weight of the evidence is strong. *See* § 3142(g)(2). As noted above, Defendant can be seen on video misrepresenting his employer, and driving off with stolen goods, and his phone communications show Defendant arranging to sell the stolen goods on the side instead of delivering them to the victim-customers who purchased the goods.

Defendant's history and characteristics, *see* 3142(g)(3), provide compelling reasons for detention. Defendant has no ties to the community – the District of Massachusetts – where he is charged, other than having committed serious crime there.

Defendant's ties to the community of the Eastern District of New York do not appear to be stable. The government is not aware of Defendant living with family members. The FBI has surveilled Defendant for approximately one week on Bahama Street in Lindenhurst, where Defendant has been living out of his tractor trailer. Agents have observed Defendant come and go; sometimes he has driven the truck elsewhere, other times he drives a nearby van. Below are pictures of the truck, parked at the location.




It does not appear to the government that Defendant has chosen to reside in his truck out of economic necessity, given the scale of theft he has participated in.[3] Defendant was questioned by local law enforcement on July 28, 2025, who suspected that Defendant was involved in stealing cargo goods. Regardless of the reasons for Defendant's current living situation, the unpredictability and apparent instability of it, coupled with the nature of the offense – where Defendant used his truck to travel state-to-state committing egregious thefts – supports detention.

[Remainder of page left intentionally blank]

[3] The FBI has communicated that they obtained a text message from Defendant's phone in which a co-conspirator remarked regarding having paid Forbes approximately $150,000.

For the reasons stated above, the government requests this Court to detain Defendant pending his appearance and further proceedings in the District of Massachusetts.

Respectfully submitted,

LEAH B. FOLEY

United States Attorney

By: *Brendan O'Shea*
/s/ Brendan D. O'Shea
Assistant U.S. Attorney
District of Massachusetts

Dated: February 5, 2026