CLOSED

# U.S. District Court
# Eastern District of New York (Central Islip)
# CRIMINAL DOCKET FOR CASE #: 2:26−mj−00029−ST−1
## *Internal Use Only*

Case title: USA v. Forbes

Date Filed: 02/05/2026

Other court case number: 26mj4061 (DHH) District of Massachusetts

---

Assigned to: Magistrate Judge Steven Tiscione

**Defendant (1)**

**Romoy Forbes** represented by **Masooma Javaid**
Federal Defenders of New York
770 Federal Plaza
Central Islip, NY 11722
631−712−6502
Email: masooma_javaid@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:371.F, 18:2314.F | |

---

**Plaintiff**

**USA** represented by **Margaret Schierberl**
DOJ−USAO
271−A Cadman Plaza East
Brooklyn, NY 90012
718−254−6187
Email: margaret.schierberl@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/05/2026 | 1 | RULE 40 AFFIDAVIT by USA as to Romoy Forbes by Affiant Derek J. Wonderland. (JJT) (Entered: 02/09/2026) |
| 02/05/2026 | | Arrest (Rule 40) of Romoy Forbes. (JJT) (Entered: 02/09/2026) |
| 02/05/2026 | 2 | CJA 23 Financial Affidavit by Romoy Forbes. (JJT) (Entered: 02/09/2026) |
| 02/05/2026 | 3 | Letter from AUSA in support of detention as to Romoy Forbes. (JJT) (Entered: 02/09/2026) |
| 02/05/2026 | | Minute Entry for proceedings held before Magistrate Judge Steven Tiscione:Arraignment as to Romoy Forbes held on 2/5/2026. Defendant present in custody with Federal Defender Masooma Javaid. Government: AUSA Margaret Schierberl. Pretrial Officer: Colton Craft. Removal hearing held regarding the Rule 40 Affidavit in Support of the Removal to the District of Massachusetts. Agent sworn and Court a copy of the affidavit in support of removal. The Defendant was informed of his rights as it relates to this proceeding. Court appoints Federal Defenders to represent Defendant. Defendant waives his rights to Rule 5 and 5.1 Hearings. Waiver executed. Defendant moves for bond. Decision reserved. Temporary order of detention entered. Detention Hearing set for 2/6/26 before Magistrate Judge Steven Tiscione. (Time Log #4:03− 4:18 FTR.) (JJT) (Entered: 02/09/2026) |
| 02/05/2026 | 4 | WAIVER of Rule 5(c)(3) Hearing by Romoy Forbes. (JJT) (Entered: 02/09/2026) |
| 02/05/2026 | 5 | TEMPORARY ORDER OF DETENTION as to Romoy Forbes. Detention Hearing set for 2/6/2026 02:00 PM before Magistrate Judge Steven Tiscione. Ordered by Magistrate Judge Steven Tiscione on 2/5/2026. (JJT) (Entered: 02/09/2026) |
| 02/06/2026 | | Minute Entry for Detention hearing held before Magistrate Judge Steven Tiscione:Detention Hearing as to Romoy Forbes held on 2/6/2026 at 2:15 pm. Defendant present in custody with Federal Defender Masooma Javaid. Government: AUSA Charles Kelly. Pretrial Officer: Colton Craft. Defendant released on a $50,000 unsecured bond, signed by a suretor. An Order Setting Conditions of Release was executed. An Order Requiring Defendant to Appear in the charging district was executed. (Time Log #2:15 − 2:30 (FTR)) (JJT) (Entered: 02/09/2026) |
| 02/06/2026 | 6 | ***SEALED DOCUMENTS*** ORDER Setting Conditions of Release as to Romoy Forbes (1) $50,000 unsecured bond. Ordered by Magistrate Judge Steven Tiscione on 2/6/2026. (JJT) (Entered: 02/09/2026) |
| 02/06/2026 | 7 | |

| | | |
|---|---|---|
| | | REDACTION to 6 1 − Sealed Document CR, Order Setting Conditions of Release. (JJT) (Entered: 02/09/2026) |
| 02/06/2026 | 8 | ORDER REQUIRING DEFENDANT Romoy Forbes TO APPEAR in the District of Massachusetts in Courtroom of Judge Cabell on February 10, 2026 at 11:00 am. Ordered by Magistrate Judge Steven Tiscione on 2/6/2026. (JJT) (Entered: 02/09/2026) |

JLG:MS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------- X

UNITED STATES OF AMERICA

- against -

ROMOY FORBES,

Defendant.

-------------------------- X

REMOVAL TO THE DISTRICT OF MASSACHUSETTS

(Fed. R. Crim. P. 5)

No. 26-mj-29

EASTERN DISTRICT OF NEW YORK, SS:

Derek J. Wonderland, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

On or about January 14, 2026, the United States District Court for the District of Massachusetts issued an arrest warrant commanding the arrest of defendant ROMOY FORBES in connection with a criminal complaint, captioned United States of America v. Romoy Forbes, Case No. 26-MJ-4061, charging violations of Title 18, United States Code, Sections 371 and 2314 (interstate transportation of stolen goods and conspiracy to commit the same). On or about February 5, 2026, FORBES was arrested in the Eastern District of New York.

The source of your deponent's information and the grounds for his belief are as follows:[1]

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. On January 14, 2026, the Honorable David H. Hennessy, United States Magistrate Judge for the District of Massachusetts, signed a criminal complaint, captioned above, charging defendant ROMOY FORBES with violations of Title 18, United States Code, Sections 371 and 2314 (interstate transportation of stolen goods and conspiracy to commit the same) (hereinafter, the "Complaint"). A true and correct copy of the Complaint and its supporting affidavit, is attached hereto as Exhibit A.

2. In connection with the charges in the Complaint, on January 14, 2026, Judge Hennessy issued a warrant (hereinafter, the "Warrant") for the arrest of defendant ROMOY FORBES. A true and correct copy of the Warrant is attached hereto as Exhibit B.

3. On or about February 5, 2026, the FBI arrested the defendant ROMOY FORBES in a truck parked on Bahama Street in Lindenhurst, New York, within the Eastern District of New York. Based upon law enforcement surveillance earlier this week, FORBES is believed to have been living in said truck.

4. At the time of his arrest, as described above, the defendant ROMOY FORBES confirmed his identity to law enforcement agents, by providing his full name. Additionally, the FBI obtained from FORBES a copy of a letter from a defense counsel identifying the letter-holder as his client, "Romoy Forbes." Law enforcement agents also compared the physical appearance of the individual who was arrested today to photographs of the defendant ROMOY FORBES who is wanted in the District of Massachusetts, which were obtained in connection with the criminal investigation, and the individual arrested today appeared consistent with the person depicted in the photographs. I have also confirmed with the case agent, Special Agent Brendan Retalic, who has reviewed surveillance video footage, a Department of Motor Vehicles photograph, and other photographs of the defendant that the

individual arrested today is the same ROMOY FORBES who is wanted in the District of Massachusetts.

5. During his arrest processing today, the defendant ROMOY FORBES provided pedigree information to law enforcement, including his date of birth and place of birth, which match the date of birth and place of birth of the individual who is wanted in the District of Massachusetts.

6. Based on the forgoing, I submit that there is probable cause to believe that the individual arrested by the FBI today is the defendant ROMOY FORBES who is wanted in the District of Massachusetts.

WHEREFORE, your deponent respectfully requests that the defendant ROMOY FORBES be removed to the District of Massachusetts so that he may be dealt with according to law.

DEREK J. WONDERLAND
Special Agent
Federal Bureau of Investigation

Sworn to before me on this
5th day of February, 2026

/s/ Steven L. Tiscione

HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

United States of America
v.

Romoy Forbes

*Defendant(s)*

Case No. 26-mj-4061-DHH

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 25, 2025 - July 25, 2025 in the county of Worcester in the District of Massachusetts, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 371 and 2314 | Interstate transportation of stolen goods, and conspiracy to commit that offense. |

This criminal complaint is based on these facts:

See Affidavit of FBI Special Agent Brendan ~~Relatic~~ Retalic attached hereto and incorperated herein.

☑ Continued on the attached sheet.

Brendan Retalic
*Complainant's signature*

FBI Special Agent Brendan ~~Relatie~~ Retalic
*Printed name and title*

Sworn before me by telephone in accordance with Fed. R. Crim. P. 4.1.

Date: Jan 14, 2026

*Judge's signature*

City and state: Boston, Massachusetts

U.S. Magistrate Judge David H. [illegible]
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Brendan ~~Relatic~~ Retalic, Federal Bureau of Investigation ("FBI") Special Agent, being duly sworn, state and depose as follows: BR 2/9/26

**Background**

1. I am assigned to the Worcester Resident Agency of the Boston Division of the FBI. Part of my duties as a Special Agent involve the investigation of federal violations and offenses related to financial crime, fraud, and illicit finance.

2. The FBI has been investigating a network of co-conspirators involved in a series of cargo thefts throughout the United States, in violation of federal criminal law, including 18 U.S.C. §§ 371 and 2314 (interstate transportation of stolen goods, and conspiracy to commit that offense) (the "Subject Offenses").

3. By way of background, a common practice for shippers seeking to have their goods transported from a warehouse to a customer is to hire a third-party carrier, often a trucking transporter, to pick up the goods from the warehouse and deliver the goods to the customer. A shipper will advertise the goods that they want transported, typically online, and carriers bid on the transportation contracts. The shippers evaluate which carrier to select based on reputation and price. Shippers can receive notice, by various means, if a prospective carrier is known engage in cargo theft. Once a carrier is selected for a job, the shipper provides the carrier with information to provide to a warehouse to demonstrate that the carrier is authorized to pick up the cargo.

4. There is evidence that the co-conspirators under investigation have infiltrated e-mail addresses of legitimate truck-load carriers and used the hacked email accounts to book loads of cargo with shippers. Instead of delivering the cargo loads to the customers who have purchased the goods, the co-conspirators sell the items elsewhere, for illicit profit.

5. There is probable cause that Romoy Forbes (YOB 1995) of New York has engaged in the conspiracy and committed the Subject Offenses.

Probable Cause

A. Forbes conspired to steal seafood in Worcester, Massachusetts in July 2025

6. Person 1 reported to the FBI that on July 15, 2025, approximately 33,750 pounds of frozen snow crabs worth approximately $325,000, was stolen in Worcester, Massachusetts. Shipper 1, the trucking and warehousing business that Person 1 was working for, had advertised on an online freight exchange service board, for the load of frozen crabs to be shipped from Worcester to Jacksonville, Florida.[1] The seafood was being stored at Storage Business 1 in Worcester.

7. On July 14, 2025, Shipper 1 was contacted by phone, purportedly by Carrier 1, a trucking carrier company, requesting to transport the cargo to Florida, and Shipper 1 agreed to contract with Carrier 1.[2] A purported employee of Carrier 1 provided to Person 1 a true email address of Carrier 1 (the "Carrier 1 Email Address"),[3] and Person 1 sent to the Carrier 1 Email Address, a shipping setup package for the load, to be filled out by Carrier 1. At the time, the Carrier 1 Email Address had been hacked into, and the purported employee of Carrier 1 who controlled the email account was really a co-conspirator in the scheme. The co-conspirator replied to Person 1's email, with the setup package, filled out.

8. On the morning of July 15, 2025, Forbes arrived at Storage Business 1 to retrieve the frozen seafood. Forbes provided his New York state identification card, and phone number

[1] Shipper 1 is headquartered in Maine.
[2] Carrier 1 is headquartered in Illinois.
[3] The email was registered by Carrier 1 with the Federal Motor Carrier Safety Administration, an agency within the U.S. Department of Transportation that regulates the trucking industry.

(the "Forbes Phone Number") to Storage Business 1, and surveillance footage from inside Storage Business 1 captured images of Forbes.










Surveillance footage from outside of Storage Business 1 showed that Forbes arrived in a red truck with no logos related to Carrier 1.

Case 2:26-mj-00029-ST Document 1 Filed 02/05/26 Page 9 of 32 PageID #: 9



9. Close in time to when Forbes arrived at Storage Business 1, the co-conspirator sent an email from the Carrier 1 Email Account to Person 1, stating, "Hey my driver is checked in, we need pu [pickup] numbers". Person 1 replied, in part, that Person 1 needed the driver to send a picture of the side of the truck that the driver would be using to transport the seafood. The co-conspirator then emailed, from the Carrier 1 Email Account to Person 1, three images purportedly depicting the side of the driver's (Forbes's) truck. The images were pictures of a gray truck with the Carrier 1 logo and motor carrier number on the side of the truck.[4] These images did not match the truck that Forbes had driven to Storage Business 1 to retrieve the seafood, but Shipper 1 was unaware of the discrepancy.

---

[4] A trucking motor carrier, or "mc" number, is a unique identifier from the Federal Motor Carrier Safety Administration that grants carriers legal permission to transport regulated goods across state lines for compensation.








10. Person 1 informed the co-conspirator communicating as Carrier 1 that Person 1 needed the driver's phone number to track the load using a third-party truck-delivery tracking GPS service. The co-conspirator provided Person 1 with a phone number that was not the Forbes Phone Number, which Person 1 inputted into the tracking system. A link was sent to the provided phone number, which accepted tracking, and displayed the driver (Forbes) as present at Storage Business

1. Shipper 1 then sent a pickup number to the co-conspirator in the scheme, who provided the number to Forbes.

11. Forbes did not deliver the cargo load of frozen crabs to the customer. On July 16, 2025, the tracking device that was supposed to be tracking Forbes and the load that he had retrieved, was not tracking. Person 1 contacted the Carrier 1 main phone number. Person 1 spoke to employees of Carrier 1, who explained that their computer system had been hacked, and that they could see the e-mail that Person 1 received, purportedly from Carrier 1, arranging to receive the seafood, but that Carrier 1 had not, in fact, booked the cargo load.

12. Person 1 then called Forbes at the Forbes Phone Number, which Forbes had left with Storage Business 1. Forbes acknowledged that he had picked up the load from Storage Business 1, but claimed that his dispatcher, 'Josh,' had Forbes give Forbes' trailer to someone else. Forbes provided Person 1 with the purported phone number of 'Josh' (the "Purported Carrier 1 Dispatcher Phone Number"). Person 1 called the Purported Carrier 1 Dispatcher Phone Number and spoke to an individual, who said not to worry about the delivery. Person 1 told the individual that he would be contacting the police, and the individual said, "F**k the police" and hung up on Person 1.

13. The FBI obtained the contents of Forbes' cellphone, which had been using the Forbes Phone Number. On the night of July 14, 2025, and the morning of July 15, 2025, a contact in Forbes' phone listed as 'Josh' (but not the Purported Carrier 1 Dispatcher Phone Number) texted Forbes the false information that was being provided to Shipper 1 in support of the fraudulent claim that Carrier 1 was transporting the frozen seafood, including: "Carrier Name if they ask – [Carrier 1]"; the three images of the gray truck with the Carrier 1 logo and motor carrier number

on it; the Purported Carrier 1 Dispatcher Phone Number; and the load pickup number that Shipper 1 had provided.[5]
















[5] As seen in the text messages, the time stamps for the messages are recorded in UTC time.

14. In fact: Forbes did not work for Carrier 1; he did not drive the grey truck depicted in the pictures emailed to Shipper 1 over the hacked Carrier 1 Email Account, and which 'Josh' texted to Forbes; to retrieve the cargo, Forbes used the pickup number that 'Josh' received from Shipper 1 and then texted to Forbes; and, as described above, the Purported Carrier 1 Dispatcher Phone Number that Forbes' contact 'Josh' texted to Forbes and which Forbes then provided to Shipper 1, was used to further the fraud.

15. Below, from Forbes' cellphone, is an image of the stolen frozen crab load from the evening of July 15, 2025. Coordinates from Forbes' cellphone list him, at the time of the picture, at a particular location in Queens, New York City. I found online that at this same location is a grocery store company, which operates a number of grocery stores in various states. The backdrop of the crab load below also appears similar to the loading dock for the grocery store company, which I reviewed on Google Maps.



Below, from publicly available sources, is a representative picture of what the brand of frozen crabs would have looked like up close, which appears similar to the boxes visible at a distance in the stolen crab load above.




B. Before the seafood theft in Worcester, Forbes conspired to steal blueberries in New Jersey

16. Evidence reveals that the seafood heist, described above, was not the first theft that Forbes committed as part of the conspiracy. Person 2 of Shipper 2, a freight service company operating in New Jersey, reported to the FBI that on June 25, 2025, Shipper 2 advertised on an online freight exchange service board, for a load of blueberries to be transported from New Jersey to Illinois.[6] Shipper 2 received an e-mail, purportedly from Carrier 2, a trucking transportation company, requesting to accept the job to transport the blueberries.[7] Really, Carrier 2's email had been hacked into, and was being controlled by a co-conspirator in the scheme.

17. On June 26, 2025, Forbes picked up the load in Winslow Junction, New Jersey, at Storage Business 2. Forbes signed his name on the pickup sheet, and noted the Forbes Phone

---

[6] Shipper 2 is based in Virginia.
[7] Carrier 2 appears to be based in New Jersey.

Number as his phone number, which, as described above, was the same phone number that Forbes later provided to Storage Business 1 in Massachusetts.


FOB 13

[redacted]

FOB Sheet

TRIP#: 57568

Truck Name: L&D
Driver Name: [illegible]
Cell Phone #: [redacted]
Customer: [redacted]
Pick Up #: [illegible]
Customer PO #:
Trailer Size: 53'
Trailer #: 1001
Trailer Temp: [illegible] Precooled: ✓
Time in: 6:55pm
Time out:

Load Instructions: [illegible]

Door #: 4 Date: 6/26/25

[redacted] SO#: 394656
SO#:
SO#:
SO#:

Notes:

Surveillance footage from inside Storage Business 2 captured an image of Forbes.



18. Forbes drove a red truck to retrieve the blueberries at Storage Business 2 in New Jersey, as he later did to retrieve the seafood from Storage Business 1 in Massachusetts.



19. Forbes never delivered the blueberries to the customer. Person 2 contacted Carrier 2, and an employee of Carrier 2 explained that Carrier 2's computer systems had been hacked, and that Carrier 2 had never contracted to carry the load of blueberries.

20. The contents of Forbes' cell phone show that on June 27, 2025, Forbes exchanged text messages with a contact that he had saved in his phone as "my customer for everything." Forbes sent the contact a photograph of pallets of blueberries, which were the same brand of blueberries that Forbes had retrieved from Storage Business 2.



21. Forbes and his "customer for everything" then discussed a price for the blueberries, agreeing on $4,000. Forbes agreed to deliver the blueberries, for sale, to the contact, at an address in Paterson, New Jersey, with Forbes saying, "OK. So I will be there tomorrow to drop off the blueberries."












22. On June 30, 2025, Forbes' contact 'Josh' texted Forbes screenshots of text messages between 'Josh' and Person 2, and a recording of a phone call between 'Josh' and Person 2. In the recording and the text messages, 'Josh' denied to Person 2 responsibility for the theft of the blueberries.

C. <u>After the seafood and blueberry thefts, Forbes conspired to steal cologne in New York</u>.

23. Forbes, as part of the conspiracy, stole approximately $433,830 worth of cologne.

24. Person 3 of Shipper 3, a freight brokerage company, reported to the FBI that on or about July 25, 2025, his business advertised for the load of fragrances to be delivered from New York to Los Angelos, California.[8] On July 25, 2025, Shipper 3 received an e-mail from a true email account of Carrier 3, a trucking company, requesting the details of the advertised load.[9] In reality, the email account of Carrier 3 (the "Carrier 3 Email Account") had been hacked into by a co-conspirator in the scheme. Shipper 3 informed the purported Carrier 3 that the load would need to be picked up in Ronkonkama, New York by 5:30 P.M. on July 25, 2025. The co-conspirator emailed, over the Carrier 3 Email Account, agreeing to do the job, and then at 5:28 p.m. emailed, "Both of our company driver are there now…Romoy will pick up this one...Romoy Forbes Trk 212 Trailer 167".

25. At the pickup of the goods, Forbes provided his state identification card to the warehouse.




26. Forbes had the boxes of fragrances loaded into the truck.

---

[8] Shipper 3 is based in Illinois.
[9] Carrier 3 is based in Illinois.





27. The truck that Forbes picked up the load in was red, and similar in appearance to the truck that Forbes had used for the prior thefts.



28. Forbes never delivered the goods to the customer. Shipper 3 called Carrier 3's main phone number. Staff at Carrier 3 informed Shipper 3 that Carrier 3 had never booked the load.

29. The contents of Forbes' cell phone show that on July 25, 2025, Forbes and contact 'Josh' exchanged text messages regarding the fragrance load. 'Josh' sent Forbes the address of Storage Business 3 and stated that there was no "PU#" – e.g., pickup number – for the "parfume."

Forbes asked, "text me the name of the company I'm driving" to which 'Josh' responded, "[Carrier 3]".




30. On the night of July 25, 2025, Forbes sent 'Josh' a video of the fragrance load. Below are still images from parts of the video.











31. Forbes also texted "my customer for everything" the same video of the fragrance boxes that he had sent to 'Josh', noting "14 pallets", as well as a copy of the bill of lading from Storage Business 3, and the contact replied, "Ok".




<u>Conclusion</u>

32. Based on the foregoing information, I respectfully request that the Court issue a criminal complaint charging Romoy Forbes with violating 18 U.S.C. §§ 371 and 2314 (interstate transportation of stolen goods, and conspiracy to commit that offense).

I declare that the foregoing is true and correct.

Brendan Retalic
Special Agent
Federal Bureau of Investigation

Sworn to before me telephonically in accordance with Fed. R. Crim. P. 4.1 on this 14th day of January, 2026.

HONORABLE DAVID H. HENNESSY
United States Magistrate Judge

11:35 a.m.

# EXHIBIT B

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Romoy Forbes<br>*Defendant* | ) ) ) ) ) ) | Case No. 26-mj-4061-DHH |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Romoy Forbes,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Interstate transportation of stolen goods, and conspiracy to commit that offense (18 U.S.C. §§ 371 and 2314)

Date: Jan 14, 2026

*Issuing officer's signature*

City and state: Boston, Massachusetts

United States Magistrate Judge David H. Hennessy
*Printed name and title*

### Return

This warrant was received on *(date)* ______________, and the person was arrested on *(date)* ______________
at *(city and state)* ______________________.

Date: ______________

______________________
*Arresting officer's signature*

______________________
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

***(Not for Public Disclosure)***

Name of defendant/offender: Romoy Forbes

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties: 2091 Deer Park Avenue, Deer Park, NY 11729

Last known employment: Trucking industry

Last known telephone numbers:

Place of birth: Jamaica

Date of birth: 09/14/1995

Social Security number: 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

Height: 5' 06" Weight:

Sex: M Race: Black

Hair: Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use: None known

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number: VWAT1AD5J

Complete description of auto:

Investigative agency and address: FBI, Worcester Resident Agency

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (508) 368-0100*
*Facsimile: (508) 756-7120*

*Federal Building & Courthouse*
*595 Main Street, Suite 206*
*Worcester, Massachusetts 01608*

February 5, 2026

By email via the U.S. Attorney's Office for the Eastern District of New York

Hon. Judge Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York

Re: United States v. Romoy Forbes

Dear Judge Tiscione:

The government respectfully submits this letter in support of an order of detention. Defendant, Romoy Forbes ("Defendant") was charged with violating 18 U.S.C. §§ 371 and 2314 (interstate transportation of stolen goods, and conspiracy to commit that offense) in the United States District Court for the District of Massachusetts, and an arrest warrant issued. Defendant was then arrested on February 5, 2026, in the Eastern District of New York. The government requests that this Court detain Defendant pending his appearance in federal court in Massachusetts, as there are reasons to believe that Defendant is a flight risk, in that he will not appear in the District of Massachusetts for further proceedings, per 18 U.S.C. § 3142(f)(2)(A).[1]

## I. Defendant's Conduct

The complaint against Defendant alleges that Defendant conspired to infiltrate email accounts of legitimate truck-load carriers, use the hacked accounts to book cargo with shippers, and sell the items for illicit profit. The goods allegedly stolen include hundreds of thousands of dollars in snow crab, pallets of blueberries and designer cologne.

In particular, on July 15, 2025, Forbes stole 33,750 pounds of frozen snow crabs worth $325,000 from a warehouse that held the goods in Worcester, Massachusetts. Leading up to the theft, a co-conspirator hacked into the email account of a trucking carrier company (Carrier 1). The co-conspirator, pretending to work for Carrier 1, and using the email account of Carrier 1,

[1] The U.S. Attorney's Office for the District of Massachusetts has considered filing a motion to detain on the docket in the District of Massachusetts, but the issue of detention is not before that Court. After speaking with staff at the U.S. Attorney's Office for the Eastern District of New York, the undersigned understands that this letter is a manner that is acceptable to convey the enclosed information to the Court.

contacted and contracted with Shipper 1, a transportation business, to ship the goods to a customer in Jacksonville, Florida. Forbes then arrived at the warehouse in Worcester pretending to work for Carrier 1, loaded the seafood into his truck and drove off.



Instead of delivering the seafood to the customer in Florida, Forbes transported it to a location in Queens, New York, which is also the location of a grocery store company, where Forbes took a picture of the pallets of packaged crabs with his cellphone.



Below, from publicly available sources, is a representative picture of what the brand of frozen packaged seafood would have looked like up close.



Before the seafood heist, Forbes, on June 25, 2025, stole a shipment of blueberries in Winslow

Junction, New Jersey. A co-conspirator hacked into the email account of Carrier 2, a trucking carrier company, and, pretending to be Carrier 2, contacted and contracted with Shipper 2, a transportation business, to ship the goods to a customer in Illinois. Forbes then arrived at the warehouse that was holding the goods, and, pretending to work for Carrier 2, loaded the fruit into his truck and drove away.



Instead of delivering the blueberries to the customer in Illinois, Forbes arranged to illicitly sell the fruit to his phone contact named, "My customer for everything."




After the seafood and blueberry thefts, on July 25, 2025, Forbes conspired to steal approximately $433,830 worth of cologne in Ronkonkama, N.Y. Again, a co-conspirator hacked into the email account of Carrier 3, a trucking carrier company, and, pretending to be Carrier 3, contracted with Shipper 3, a transportation business, to ship the goods to a customer in Los Angeles, California. Forbes then arrived to the warehouse that was holding the goods, and, pretending to work for Carrier 3, loaded the items into his truck and drove away.

Instead of delivering the fragrances to the customer in California, Forbes contacted his "customer for everything" offering to sell the cologne and sent the contact a video of the cologne, to which the contact replied, "Ok."



II. **Defendant is a Risk for Not Appearing in the District of Massachusetts**

Defendant is a flight risk, by a preponderance of the evidence, per 18 U.S.C. § 3142(f)(2)(A). *See e.g.*, *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991); *United States v. Debrum*, No.15-10292-NMG, 2015 WL 6134359 at *4 (D. Mass. Oct. 19, 2015).

Section 3142(g) provides factors that a Court considers in making the determination as to whether a defendant should be held pending trial, including, in relevant part:

(1) the nature and circumstances of the offense charged…

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

A. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings….

The nature and circumstances of the offense charged are serious. *See* § 3142(g)(1). Defendant was part of a sophisticated, organized, multi-state conspiracy to steal high value cargo goods. The complaint alleges that defendant made off with more than $300,000 worth of frozen snow crabs, blueberries, and more $400,000 in high cologne. Demonstrating the sophisticated, organized nature of the conspiracy, was that co-conspirators infiltrated email accounts of legitimate truck-load carriers and used the hacked accounts to book cargo with shippers, and sell the items for illicit profit.

While Forbes has a minimal criminal record, if he is convicted he will be at least offense level 22, before acceptance of responsibility, which results in a substantial guideline sentencing range of 41 to 51 months in prison, all of which could provide reason for Defendant to consider flight.[2] Defendant is also not a U.S. citizen (he is a legal permanent resident, and is believed to be a citizen of Jamaica), and therefore would potentially have ties outside of the United States.

[2] Base offense level 6 (U.S.S.G. § 2B1.1(a)(2)), +14 for loss more than (§ 2B1.1(b)(1)(H)), and +2 points for dealing in stolen cargo (§ 2B1.1(b)(15)). Enhancements may apply as well.

The weight of the evidence is strong. *See* § 3142(g)(2). As noted above, Defendant can be seen on video misrepresenting his employer, and driving off with stolen goods, and his phone communications show Defendant arranging to sell the stolen goods on the side instead of delivering them to the victim-customers who purchased the goods.

Defendant's history and characteristics, *see* 3142(g)(3), provide compelling reasons for detention. Defendant has no ties to the community – the District of Massachusetts – where he is charged, other than having committed serious crime there.

Defendant's ties to the community of the Eastern District of New York do not appear to be stable. The government is not aware of Defendant living with family members. The FBI has surveilled Defendant for approximately one week on Bahama Street in Lindenhurst, where Defendant has been living out of his tractor trailer. Agents have observed Defendant come and go; sometimes he has driven the truck elsewhere, other times he drives a nearby van. Below are pictures of the truck, parked at the location.





It does not appear to the government that Defendant has chosen to reside in his truck out of economic necessity, given the scale of theft he has participated in.[3] Defendant was questioned by local law enforcement on July 28, 2025, who suspected that Defendant was involved in stealing cargo goods. Regardless of the reasons for Defendant's current living situation, the unpredictability and apparent instability of it, coupled with the nature of the offense – where Defendant used his truck to travel state-to-state committing egregious thefts – supports detention.

[Remainder of page left intentionally blank]

[3] The FBI has communicated that they obtained a text message from Defendant's phone in which a co-conspirator remarked regarding having paid Forbes approximately $150,000.

For the reasons stated above, the government requests this Court to detain Defendant pending his appearance and further proceedings in the District of Massachusetts.

Respectfully submitted,

LEAH B. FOLEY

United States Attorney

By: *Brendan O'Shea*
/s/ Brendan D. O'Shea
Assistant U.S. Attorney
District of Massachusetts

Dated: February 5, 2026

MIME−Version:1.0
From:ecf_bounces@nyed.uscourts.gov
To:nobody@nyed.uscourts.gov
Bcc:
--Case Participants: Masooma Javaid (masooma_javaid@fd.org), Margaret Schierberl (danielle.rompel@usdoj.gov, margaret.schierberl@usdoj.gov), Magistrate Judge Steven Tiscione (daniel_conte@nyed.uscourts.gov, james_toritto@nyed.uscourts.gov, kalid_yacoub@nyed.uscourts.gov, steven_tiscione@nyed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message−Id:20788947@nyed.uscourts.gov
Subject:Activity in Case 2:26−mj−00029−ST USA v. Forbes Arrest − Rule 40
Content−Type: text/html

**Please DO NOT RESPOND to this e−mail because the mailbox is unattended.**

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 2/9/2026 at 12:28 PM EST and filed on 2/5/2026

| | |
|---|---|
| **Case Name:** | USA v. Forbes |
| **Case Number:** | 2:26−mj−00029−ST |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Arrest (Rule 40) of Romoy Forbes. (JJT)**

**2:26−mj−00029−ST−1 Notice has been electronically mailed to:**

Margaret Schierberl margaret.schierberl@usdoj.gov, Danielle.Rompel@usdoj.gov

Masooma Javaid masooma_javaid@fd.org

**2:26−mj−00029−ST−1 Notice will not be electronically mailed to:**

**Sealed documents are no longer available in CM/ECF or via PACER.**

**Please contact the court directly to request access to the document.**

**Reference for court use only**

https://storage.gtwy.dcn:8443/v1/file/nyed.5820317706.57232237.784109.json

Case 2:26-mj-00029-ST Document 3 Filed 02/05/26 Page 1 of 5 PageID #:35

**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (508) 368-0100*
*Facsimile: (508) 756-7120*

*Federal Building & Courthouse*
*595 Main Street, Suite 206*
*Worcester, Massachusetts 01608*

February 5, 2026

By email via the U.S. Attorney's Office for the Eastern District of New York

Hon. Judge Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York

Re: United States v. Romoy Forbes **EDNY Docket No. 26-MJ-29 (ST)**

Dear Judge Tiscione:

The government respectfully submits this letter in support of an order of detention. Defendant, Romoy Forbes ("Defendant") was charged with violating 18 U.S.C. §§ 371 and 2314 (interstate transportation of stolen goods, and conspiracy to commit that offense) in the United States District Court for the District of Massachusetts, and an arrest warrant issued. Defendant was then arrested on February 5, 2026, in the Eastern District of New York. The government requests that this Court detain Defendant pending his appearance in federal court in Massachusetts, as there are reasons to believe that Defendant is a flight risk, in that he will not appear in the District of Massachusetts for further proceedings, per 18 U.S.C. § 3142(f)(2)(A).[1]

## I. Defendant's Conduct

The complaint against Defendant alleges that Defendant conspired to infiltrate email accounts of legitimate truck-load carriers, use the hacked accounts to book cargo with shippers, and sell the items for illicit profit. The goods allegedly stolen include hundreds of thousands of dollars in snow crab, pallets of blueberries and designer cologne.

In particular, on July 15, 2025, Forbes stole 33,750 pounds of frozen snow crabs worth $325,000 from a warehouse that held the goods in Worcester, Massachusetts. Leading up to the theft, a co-conspirator hacked into the email account of a trucking carrier company (Carrier 1). The co-conspirator, pretending to work for Carrier 1, and using the email account of Carrier 1,

[1] The U.S. Attorney's Office for the District of Massachusetts has considered filing a motion to detain on the docket in the District of Massachusetts, but the issue of detention is not before that Court. After speaking with staff at the U.S. Attorney's Office for the Eastern District of New York, the undersigned understands that this letter is a manner that is acceptable to convey the enclosed information to the Court.

Case 2:26-mj-00029-ST Document 3 Filed 02/05/26 Page 2 of 6 PageID #38

contacted and contracted with Shipper 1, a transportation business, to ship the goods to a customer in Jacksonville, Florida. Forbes then arrived at the warehouse in Worcester pretending to work for Carrier 1, loaded the seafood into his truck and drove off.



Instead of delivering the seafood to the customer in Florida, Forbes transported it to a location in Queens, New York, which is also the location of a grocery store company, where Forbes took a picture of the pallets of packaged crabs with his cellphone.



Below, from publicly available sources, is a representative picture of what the brand of frozen packaged seafood would have looked like up close.




Before the seafood heist, Forbes, on June 25, 2025, stole a shipment of blueberries in Winslow

Junction, New Jersey. A co-conspirator hacked into the email account of Carrier 2, a trucking carrier company, and, pretending to be Carrier 2, contacted and contracted with Shipper 2, a transportation business, to ship the goods to a customer in Illinois. Forbes then arrived at the warehouse that was holding the goods, and, pretending to work for Carrier 2, loaded the fruit into his truck and drove away.



Instead of delivering the blueberries to the customer in Illinois, Forbes arranged to illicitly sell the fruit to his phone contact named, "My customer for everything."




After the seafood and blueberry thefts, on July 25, 2025, Forbes conspired to steal approximately $433,830 worth of cologne in Ronkonkama, N.Y. Again, a co-conspirator hacked into the email account of Carrier 3, a trucking carrier company, and, pretending to be Carrier 3, contracted with Shipper 3, a transportation business, to ship the goods to a customer in Los Angeles, California. Forbes then arrived to the warehouse that was holding the goods, and, pretending to work for Carrier 3, loaded the items into his truck and drove away.

Instead of delivering the fragrances to the customer in California, Forbes contacted his "customer for everything" offering to sell the cologne and sent the contact a video of the cologne, to which the contact replied, "Ok."



## II. Defendant is a Risk for Not Appearing in the District of Massachusetts

Defendant is a flight risk, by a preponderance of the evidence, per 18 U.S.C. § 3142(f)(2)(A). *See e.g.*, *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991); *United States v. Debrum*, No.15-10292-NMG, 2015 WL 6134359 at *4 (D. Mass. Oct. 19, 2015).

Section 3142(g) provides factors that a Court considers in making the determination as to whether a defendant should be held pending trial, including, in relevant part:

(1) the nature and circumstances of the offense charged…

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

A. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings….

The nature and circumstances of the offense charged are serious. *See* § 3142(g)(1). Defendant was part of a sophisticated, organized, multi-state conspiracy to steal high value cargo goods. The complaint alleges that defendant made off with more than $300,000 worth of frozen snow crabs, blueberries, and more $400,000 in high cologne. Demonstrating the sophisticated, organized nature of the conspiracy, was that co-conspirators infiltrated email accounts of legitimate truck-load carriers and used the hacked accounts to book cargo with shippers, and sell the items for illicit profit.

While Forbes has a minimal criminal record, if he is convicted he will be at least offense level 22, before acceptance of responsibility, which results in a substantial guideline sentencing range of 41 to 51 months in prison, all of which could provide reason for Defendant to consider flight.[2] Defendant is also not a U.S. citizen (he is a legal permanent resident, and is believed to be a citizen of Jamaica), and therefore would potentially have ties outside of the United States.

[2] Base offense level 6 (U.S.S.G. § 2B1.1(a)(2)), +14 for loss more than (§ 2B1.1(b)(1)(H)), and +2 points for dealing in stolen cargo (§ 2B1.1(b)(15)). Enhancements may apply as well.

Case 2:26-mj-00029-ST Document 3 Filed 02/05/26 Page 5 of 6 PageID #390

The weight of the evidence is strong. *See* § 3142(g)(2). As noted above, Defendant can be seen on video misrepresenting his employer, and driving off with stolen goods, and his phone communications show Defendant arranging to sell the stolen goods on the side instead of delivering them to the victim-customers who purchased the goods.

Defendant's history and characteristics, *see* 3142(g)(3), provide compelling reasons for detention. Defendant has no ties to the community – the District of Massachusetts – where he is charged, other than having committed serious crime there.

Defendant's ties to the community of the Eastern District of New York do not appear to be stable. The government is not aware of Defendant living with family members. The FBI has surveilled Defendant for approximately one week on Bahama Street in Lindenhurst, where Defendant has been living out of his tractor trailer. Agents have observed Defendant come and go; sometimes he has driven the truck elsewhere, other times he drives a nearby van. Below are pictures of the truck, parked at the location.




It does not appear to the government that Defendant has chosen to reside in his truck out of economic necessity, given the scale of theft he has participated in.[3] Defendant was questioned by local law enforcement on July 28, 2025, who suspected that Defendant was involved in stealing cargo goods. Regardless of the reasons for Defendant's current living situation, the unpredictability and apparent instability of it, coupled with the nature of the offense – where Defendant used his truck to travel state-to-state committing egregious thefts – supports detention.

[Remainder of page left intentionally blank]

[3] The FBI has communicated that they obtained a text message from Defendant's phone in which a co-conspirator remarked regarding having paid Forbes approximately $150,000.

For the reasons stated above, the government requests this Court to detain Defendant pending his appearance and further proceedings in the District of Massachusetts.

Respectfully submitted,

LEAH B. FOLEY

United States Attorney

*Brendan O'Shea*
By: /s/ Brendan D. O'Shea
Assistant U.S. Attorney
District of Massachusetts

Dated: February 5, 2026

MIME−Version:1.0
From:ecf_bounces@nyed.uscourts.gov
To:nobody@nyed.uscourts.gov
Bcc:
−−Case Participants: Margaret Schierberl (danielle.rompel@usdoj.gov, margaret.schierberl@usdoj.gov), Masooma Javaid (masooma_javaid@fd.org), Magistrate Judge Steven Tiscione (daniel_conte@nyed.uscourts.gov, james_toritto@nyed.uscourts.gov, kalid_yacoub@nyed.uscourts.gov, steven_tiscione@nyed.uscourts.gov)
−−Non Case Participants: Pretrial Matters (ecfmatters@nyept.uscourts.gov)
−−No Notice Sent:

Message−Id:20789171@nyed.uscourts.gov
Subject:Activity in Case 2:26−mj−00029−ST USA v. Forbes Arraignment
Content−Type: text/html

**Please DO NOT RESPOND to this e−mail because the mailbox is unattended.**

**U.S. District Court**

**Eastern District of New York**

### Notice of Electronic Filing

The following transaction was entered on 2/9/2026 at 12:52 PM EST and filed on 2/5/2026

| | |
|---|---|
| **Case Name:** | USA v. Forbes |
| **Case Number:** | 2:26−mj−00029−ST |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Minute Entry for proceedings held before Magistrate Judge Steven Tiscione:Arraignment as to Romoy Forbes held on 2/5/2026. Defendant present in custody with Federal Defender Masooma Javaid. Government: AUSA Margaret Schierberl. Pretrial Officer: Colton Craft. Removal hearing held regarding the Rule 40 Affidavit in Support of the Removal to the District of Massachusetts. Agent sworn and Court a copy of the affidavit in support of removal. The Defendant was informed of his rights as it relates to this proceeding. Court appoints Federal Defenders to represent Defendant. Defendant waives his rights to Rule 5 and 5.1 Hearings. Waiver executed. Defendant moves for bond. Decision reserved. Temporary order of detention entered. Detention Hearing set for 2/6/26 before Magistrate Judge Steven Tiscione. (Time Log #4:03− 4:18 FTR.) (JJT)**

**2:26−mj−00029−ST−1 Notice has been electronically mailed to:**

Margaret Schierberl margaret.schierberl@usdoj.gov, Danielle.Rompel@usdoj.gov

Masooma Javaid masooma_javaid@fd.org

**2:26−mj−00029−ST−1 Notice will not be electronically mailed to:**

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT

for the

United States of America
v.
Romoy Forbes
*Defendant*

Case No. MJ 26-29 (ST)

Charging District's Case No. 26mj4061 (DHH)

## WAIVER OF RULE 5 & 5.1 HEARINGS
## (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* District of Massachusetts Division of Worcester

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and ~~production of the warrant.~~

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 2/5/26

[signature]
*Defendant's signature*

[signature]
*Signature of defendant's attorney*

Nasoma Javaid
*Printed name of defendant's attorney*

AO 471 (Rev. 01/09) Order to Detain a Defendant Temporarily Under 18 U.S.C. § 3142(d)

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

United States of America
v.
Romoy Forbes
*Defendant*

Case No. 26mj29 (ST)

## ORDER TO DETAIN A DEFENDANT TEMPORARILY UNDER 18 U.S.C. § 3142(d)

At the time of the alleged offense, the defendant was not a United States citizen or a person lawfully admitted for permanent residence, or, alternatively, the defendant was on release pending trial for a state or federal felony; on release after conviction for any type of offense, state or federal; or on probation or parole. This court finds that the defendant, if released, may flee or pose a danger to another person or the community.

**IT IS ORDERED:** The defendant must be detained temporarily under 18 U.S.C. § 3142(d) until *(date)* 02/06/2026 .

The attorney for the government is directed to notify the appropriate court, probation or parole officer, state or local law enforcement officer, or the United States Citizenship and Immigration Services so that a detainer may be placed on the defendant or custody may be transferred. If no action is taken by the above date, the defendant must be brought before this court on that date for further proceedings.

Date: 02/05/2026

/s/ Steven L. Tiscione
*Judge's signature*

Steven L. Tiscione, USMJ
*Printed name and title*

MIME−Version:1.0
From:ecf_bounces@nyed.uscourts.gov
To:nobody@nyed.uscourts.gov
Bcc:
--Case Participants: Masooma Javaid (masooma_javaid@fd.org), Margaret Schierberl (danielle.rompel@usdoj.gov, margaret.schierberl@usdoj.gov), Magistrate Judge Steven Tiscione (daniel_conte@nyed.uscourts.gov, james_toritto@nyed.uscourts.gov, kalid_yacoub@nyed.uscourts.gov, steven_tiscione@nyed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message−Id:20789644@nyed.uscourts.gov
Subject:Activity in Case 2:26−mj−00029−ST USA v. Forbes Detention Hearing
Content−Type: text/html

**Please DO NOT RESPOND to this e−mail because the mailbox is unattended.**

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 2/9/2026 at 1:58 PM EST and filed on 2/6/2026

| | |
|---|---|
| **Case Name:** | USA v. Forbes |
| **Case Number:** | 2:26−mj−00029−ST |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Minute Entry for Detention hearing held before Magistrate Judge Steven Tiscione:Detention Hearing as to Romoy Forbes held on 2/6/2026 at 2:15 pm. Defendant present in custody with Federal Defender Masooma Javaid. Government: AUSA Charles Kelly. Pretrial Officer: Colton Craft. Defendant released on a $50,000 unsecured bond, signed by a suretor. An Order Setting Conditions of Release was executed. An Order Requiring Defendant to Appear in the charging district was executed. (Time Log #2:15 − 2:30 (FTR)) (JJT)**

**2:26−mj−00029−ST−1 Notice has been electronically mailed to:**

Margaret Schierberl margaret.schierberl@usdoj.gov, Danielle.Rompel@usdoj.gov

Masooma Javaid masooma_javaid@fd.org

**2:26−mj−00029−ST−1 Notice will not be electronically mailed to:**

**Sealed documents are no longer available in CM/ECF or via PACER.**

**Please contact the court directly to request access to the document.**

**Reference for court use only**

https://storage.gtwy.dcn:8443/v1/file/nyed.6480517706.56242782.188897.json

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

**United States of America** Case No. 26mj29 (ST)

**v.** Romoy Forbes, *Defendant*

## ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:
( ☐ ) On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or
( ☒ ) Upon **Bond** executed by the defendant in the amount of $ 50,000.00, which shall be
☐ unsecured; ☐ cosigned by the financially responsible sureties identified on this bond;
☐ secured by Collateral set forth on the Appearance Bond Supplement.

## CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) The defendant must appear in court as required and surrender as directed for service of any sentence imposed.
(2) The defendant must not commit a federal, state or local crime while on release.
(3) The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.
(4) The defendant must advise the Court in writing before making any change in residence or telephone number.
(5) The defendant must not possess a firearm, destructive device or other dangerous weapon.
(6) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.
(7) As marked below, the defendant must also:

( ☒ ) (a) submit to pretrial supervision and report to Pretrial Services as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.
( ☐ ) (b) ☐ continue or actively seek employment. ☐ continue or start an education and/or vocational program.
( ☒ ) (c) surrender any passport to Pretrial Services by 2/10/26 and not obtain a passport or any international travel document.
( ☒ ) (d) not leave the following areas except for travel to and from court: ☒ New York City; ☒ Long Island; ☐ New York State; ☐ New Jersey; ☐ Continental United States; ☐ as approved by Pretrial Services; ☒ other: MASSACHUSETTS.
( ☐ ) (e) not have any contact with the following individual(s), location or entity: ____.
( ☒ ) (f) maintain residence at: ____ or at a location approved by Pretrial Services.
( ☐ ) (g) undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services.
( ☐ ) (h) undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
( ☐ ) (i) be subject to the following component of location monitoring, with technology as determined by Pretrial Services:
( ☐ ) (i) **Curfew** – restricted to residence ☐ daily from ____ to ____; or ☐ as directed by Pretrial Services.
( ☐ ) (ii) **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: ____.
( ☐ ) (iii) **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court.
( ☐ ) (iv) **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.
( ☐ ) (j) pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services.
( ☒ ) (k) CANNOT OPERATE A MOTOR VEHICLE UNLESS LICENSE IS REINSTATED.

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

2/6/2026
Date

______, Surety ______ Address ______ Date

______, Surety ______ Address ______ Date

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive to (*i.e.*, must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

/s/ Steven L. Tiscione
*Defendant's Signature*

**Release of the Defendant is hereby ordered on** 2/6/25.
*Date*

Steven L. Tiscione, US MJ
*Judicial Officer's Signature*

Case 2:26-mj-00029-ST Document 8 Filed 02/06/26 Page 1 of 1 PageID #49

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 26mj29 (ST) |
| Romoy Forbes | ) | |
| | ) | Charging District: District of Massachusetts |
| *Defendant* | ) | Charging District's Case No. 26mj4061 (DHH) |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| | |
|---|---|
| Place: District of Massachusetts | Courtroom No.: court room of Judge Cabell |
| | Date and Time: Feb. 10, 2026 at 11:00 a.m. |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: 02/05/2026

/s/ Steven L. Tiscione
*Judge's signature*

Steven L. Tiscione
*Printed name and title*